UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEALER COMPUTER SERVICES, INC.,

    Plaintiff,

Case No. 07-10263

Honorable Nancy G. Edmunds

v.

DUB HERRING FORD, et al.,

    Defendants.

                                       /

**ORDER (1) DENYING DEFENDANTS' MOTION TO DISMISS [10],
(2) DENYING PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD [12], AND
(3) DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [14]**

Pending before the Court are three motions from the parties in this case. First, Plaintiff Dealer Computer Services, Inc. filed a motion to vacate an arbitrator's ruling in an underlying dispute between Plaintiff and Defendants, who include Defendant Dub Herring Ford and sixty-two other putative class members.[1] Plaintiff originally filed this motion on December 21, 2006 and amended it on April 16, 2007. Specifically, Plaintiff challenges the merits of an American Arbitration Association ("AAA") panel's November 27, 2006 issuance of a clause construction award that allowed Defendants to proceed to arbitration as a class. Then, on March 29, 2007, Defendants filed a motion to dismiss Plaintiff's motion to vacate, claiming that it suffers from several procedural deficiencies and that this Court lacks subject matter jurisdiction to hear the case. Finally, on April 18, 2007, Plaintiff filed a motion for

---

[1] At oral argument, Defendants' counsel indicated that there are now greater than 120 named dealers involved in this case.

1

default judgment against Defendants.

For the reasons stated below, the Court (1) DENIES Defendants' motion to dismiss, (2) DENIES Plaintiff's motion for default judgment, and (3) DENIES Plaintiff's motion to vacate the arbitration award.

**I. FACTS**

On May 12, 2006, Defendants filed a Demand for Class Arbitration against Plaintiff with the AAA, seeking to arbitrate the underlying dispute as a class rather than individually.[2] (Pl.'s Mot. to Vacate at 1.) A three-arbitrator panel of the AAA determined on November 27, 2006 that Defendants could arbitrate as a class, leading to the instant proceeding before this Court.

Plaintiff initially filed its "Motion and Supporting Brief to Vacate 'Clause Construction' Arbitration Award" on December 21, 2006, (Docket No. 1) but the Court subsequently identified several procedural defects in Plaintiff's filing. On January 17, 2007 this Court transferred the case from its miscellaneous docket to the civil docket and ordered Plaintiff to pay the standard $350.00 civil filing fee (Docket No. 2), which Plaintiff did on January 22. Then, on January 24, 2007, this Court recognized Plaintiff's motion as a petition to vacate an arbitration award and ordered Plaintiff to refile its motion within the page limitations of Eastern District of Michigan Local Rule 7.1(c)(3)(A). Plaintiff then filed a complying motion

---

[2]Although not material to the resolution of the instant motions, the underlying case concerns the relationship between Plaintiff, who sells computer software and hardware systems for parts and repair functions to car dealerships, and Defendants, who are a number of dealers that purchased such systems from Plaintiff. Defendants claim that Plaintiff misrepresented its ability to adequately provide these systems, as well as the systems' functionality. (Pl.'s Mot. to Vacate, Ex. 6 at 5-6.)

2

on April 16, 2007.[3] (Docket No. 12.)

## II. STANDARDS OF REVIEW

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Subject matter jurisdiction is governed by Fed. R. Civ. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction. *Golden v. Gorno Bros.,Inc.*, 410 F.3d 879 (6th Cir. 2005). When a defendant challenges subject matter jurisdiction on a factual basis, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990).

### B. Motion to Vacate Arbitration Award

"[C]ourts play only a limited role when asked to review the decision of an arbitrator." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987).

> [I]f an "'arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' the fact that 'a court is convinced he committed serious error does not suffice to overturn his decision.'" *Eastern Associated Coal Corp. v. Mine Workers*, 531 U.S. 57, 62 (2000) (quoting *Misco, supra*, at 38). It is only when the arbitrator strays from interpretation and application of the agreement and effectively "dispense[s] his own brand of industrial justice" that his decision may be unenforceable. *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). When an arbitrator resolves disputes regarding the application of a contract, and no dishonesty is alleged, the arbitrator's "improvident, even silly, factfinding" does not provide a basis for a reviewing court to refuse to enforce the award. *Misco*, 484 U.S. at 39.

*Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001).

## III. ANALYSIS

---

[3]The Court also issued an order on February 13, 2007 for Plaintiff to show cause why federal subject matter jurisdiction existed. This Court found that Plaintiff satisfied this order on March 13, 2007.

3

The court will first consider Defendants' motion to dismiss Plaintiff's motion to vacate, then discuss Plaintiff's motion for default judgment, and finally address the merits of Plaintiff's motion to vacate.

**A. Defendants' Motion to Dismiss**

To support their motion to dismiss, Defendants assert that (1) Plaintiff has not served Defendants with a properly filed motion that complies with L.R. 7.1 and meets the timing requirements for a motion challenging an arbitration award, and (2) the Court lacks subject matter jurisdiction to hear this case because Plaintiff is not appealing a final judgment of the arbitration panel.

### 1. Plaintiff filed the instant motion in a timely fashion and in compliance with applicable local court rules

In arguing that "[t]o date no proper filing of a Motion to Vacate in compliance with the Rules of this Court has been made and served upon counsel for the class members," Defendants challenge several procedural aspects of Plaintiff's case thus far. First, they claim that Plaintiff's most recent motion to vacate was not filed, nor was service of this motion effected, within three months of the applicable arbitration panel's decision, as required by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 12. Second, Defendants note that Plaintiff did not pay the proper filing fee. Lastly, Defendants point out that Plaintiff's initial motion to vacate did not meet the page limitations of L.R. 7.1(c)(3)(A).

With regards to timeliness, the FAA requires that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Here, the arbitration panel decision allowing Defendants to proceed as a class occurred on November 27, 2006,

4

Plaintiff filed its first motion to vacate an award on December 21, 2006, and Defendants' counsel filed a waiver of service of summons on January 18, 2007. Thus, Plaintiff served Defendants with the initial motion to vacate well before the end of the three-month period that the FAA requires.

The facts of this case are somewhat unique, however, in that Plaintiff did not file its second motion to vacate that conformed with L.R. 7.1(c)(3)(A) until April 16, 2007, which is outside of the time required by the FAA. As a result, Defendants argue that Plaintiff's pending motion to vacate is untimely and must be dismissed. Such a position is contrary to the reasoning in *Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378 (11th Cir. 1988), which held on similar facts that an amended motion to vacate an arbitration award falling outside the FAA's three-month window was still timely because the initial motion was filed within the required time frame. Specifically, the moving party in *Bonar* filed an initial motion to vacate within two months of the challenged arbitration award, but did not raise a claim of fraud in this first filing. Then, nearly four months later, the movant amended its initial motion to include fraud as an additional ground for vacating the arbitrator's award. *Id.* at 1381. The Eleventh Circuit noted that the Federal Rules of Civil Procedure apply to disputes arising out of arbitration in situations where the FAA does not contain a procedural requirement that is on point. Fed. R. Civ. P. 81(a)(3). Finding that the FAA did not include any provisions on amending a motion to vacate an award, that court reasoned that the standard amendment provisions contained in Fed. R. Civ. P. 15 governed. Therefore, the moving party was entitled to amend its motion to vacate because its opponent had not yet filed a responsive pleading. *Bonar*, 835 F.2d at 1382.

Here, the facts are slightly different, in that Defendants filed a motion to dismiss

Plaintiff's initial motion to vacate prior to the time that Plaintiff filed the motion that conformed to L.R. 7.1(c)(3)(A). Still, the Court does not see why this should change the result, as this Court's January 24, 2007 Order requiring an amended motion to vacate can be read as a grant of leave to amend, especially since Rule 15(a) states that such an amendment "shall be freely given when justice so requires." This is even more so when Defendants had already waived service on Plaintiff's first motion to vacate, and have received actual notice of Plaintiff's amended motion by virtue of the fact that Defendants responded in opposition to that filing. Thus, the Court does not see how it would prejudice Defendants to allow Plaintiff's second motion in this case.

With the timeliness issue decided in Plaintiff's favor, Defendants' additional arguments regarding the improper filing fee and length of Plaintiff's initial motion to vacate are irrelevant. Plaintiff has paid the correct fee, and the amended motion complies with L.R. 7.1(c)(3)(A), so these no longer represent valid procedural grounds upon which to dismiss Plaintiff's claim.

### 2. This Court has subject matter jurisdiction over the case

Beyond their procedural arguments, Defendants argue that this Court does not have subject matter jurisdiction because Plaintiff is not challenging a full and final judgment of the arbitrator. Rather, Defendants assert that the decision permitting them to proceed as a class is merely an interlocutory procedural ruling that does not constitute a final judgment that this Court has jurisdiction to address.

Defendants' view is not reasonable given an applicable AAA rule as well as the reasoning employed by a number of other courts who have previously considered the

issue. With regards to the AAA's rules,[4] motions to arbitrate as a class are governed, in part, by its Supplementary Rules for Class Arbitrations:

> 3. Construction of the Arbitration Clause
>
> Upon appointment, the arbitrator shall determine as a threshold matter, in a reasoned, partial final award on the construction of the arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class (the "Clause Construction Award"). *The arbitrator shall stay all proceedings following the issuance of the Clause Construction Award for a period of at least 30 days to permit any party to move a court of competent jurisdiction to confirm or to vacate the Clause Construction Award.* Once all parties inform the arbitrator in writing during the period of the stay that they do not intend to seek judicial review of the Clause Construction Award, or once the requisite time period expires without any party having informed the arbitrator that it has done so, the arbitrator may proceed with the arbitration on the basis stated in the Clause Construction Award. If any party informs the arbitrator within the period provided that it has sought judicial review, the arbitrator may stay further proceedings, or some part of them, until the arbitrator is informed of the ruling of the court.

Supplementary Rules for Class Arbitrations, Rule 3 (AAA 2003), *available at* http://www.adr.org/sp.asp?id=21936 (emphasis added).

By instituting a mandatory 30-day stay following an arbitrator's decision on whether to permit parties to proceed as a class, the AAA rule plainly evinces an intent that such matters are properly reviewed by a federal district court even though a final result has not yet been reached. As Plaintiff notes in its response, several other federal courts have come to the same conclusion on the issue. *See, e.g. Sutter v. Oxford Health Plans LLC*, No. 05-5223, 2007 WL 625625 at *2 (3rd Cir. Feb. 28, 2007); *Long John Silver's Rests., Inc. v. Cole*, 409 F. Supp. 2d 682, 684 (D.S.C. 2006); *Genus Credit Mgmt. Corp. v. Jones*, No. Civ. JFM-05-3028, 2006 WL 905936 at *2 (D. Md. Apr. 6, 2006). Defendants argue that

---

[4] Which apparently the parties are subject to by virtue of agreeing to arbitrate their dispute before the AAA, a point which Defendants do not contest.

the unreported cases should be completely disregarded and also seek to distinguish all of these because "[i]nterestingly not one of the cases cited by Plaintiff found a basis for vacating the arbitration awards under consideration!" (Pl.'s Mot. to Dismiss Reply at 2-3.) To be sure, none of these cases, be they reported or unreported, are binding on this Court. Still, the simple fact that a case is unreported does not keep the Court from considering its holding as persuasive authority. Furthermore, the operative question at this stage of the analysis is not the disposition of Plaintiff's claims on the merits–the proper inquiry revolves around this Court's jurisdiction to entertain Plaintiff's appeal of the arbitrator's clause construction award. Thus, the Court finds that the plain language of the AAA's Supplementary Rule 3 is confirmed by the reasoning in *Sutter*, *Long John Silver's* and *Genus* and concludes that it has subject matter jurisdiction to hear Plaintiff's case.

For all of the above reasons, Defendants' motion to dismiss is DENIED.

**B. Plaintiff's Motion for Default Judgment**

Plaintiff's motion for default judgment is based upon the fact that Defendants failed to file an answer by February 19, 2007, which was 60 days after the day Plaintiff filed the initial motion to vacate in this case. Fed. R. Civ. P. 12(a)(1)(B). Plaintiff also points out that even if Defendants' motion to dismiss is construed as its answer in this matter, that filing was still too late, as it was not filed until March 29, 2007.

Such a technical reading of the pleading requirements under the Federal Rules of Civil Procedure is preposterous under the circumstances of this case. Plaintiff's position entirely disregards the fact that this Court ordered it to refile its original motion in compliance with applicable Local Court Rules on January 24, 2007. Given that Order, there was no longer any reason for Defendants to adhere to the temporal requirements of

Rule 12(a)(1)(B), since there was no longer a valid pleading for them to answer. Perhaps more important, however, the meritless nature of this motion is exemplified by the fact that Plaintiff filed the motion for default judgment two days *after* its April 16, 2007 filing of an amended motion to vacate pursuant to Court's January 24, 2007 Order. Exactly why Plaintiff believes that is it entitled to default judgment within two days after filing an amended motion (which itself came nearly three months after the Court ordered such an action) is beyond this Court's ability to speculate. Plaintiff's motion for default judgment is DENIED.

### C. Plaintiff's Motion to Vacate Arbitrator's Award

Plaintiff argues that this Court should vacate the arbitration panel's clause construction award (1) on statutory grounds pursuant to the FAA, 9 U.S.C. § 10(a)(4), and (2) under the separate judicially-created ground that, in making the disputed award, the arbitrator manifestly disregarded applicable law.

#### 1. 9 U.S.C. § 10(a)(4)

The FAA grants parties to an arbitration award a statutory right to appeal an arbitrator's decision in certain situations. In relevant part, the statute provides that:

> the United States court in and for the district wherein the [arbitration] award was made may make an order vacating the award upon the application of any party to the arbitration–
>
> * * *
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(4).

At least one circuit court has "held that arbitrators 'exceed their powers' in this regard

not when they merely interpret or apply the governing law incorrectly, but when the award is 'completely irrational,' or exhibits a 'manifest disregard of law.'" *Kyocera Corp. v. Prudential-Bache Trade Servs. Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (internal citations omitted). The Sixth Circuit has been willing to assume, for sake of argument, "that an arbitrator can exceed his powers in violation of § 10(a)(4) by failing to fulfill his obligations" under the arbitration agreement, but it is not necessary for the arbitrator to go so far as to completely "overstep[] the bounds of his authority." *Green v. Ameritech Corp.*, 200 F.3d 967, 975 n.6 (6th Cir. 2000).

After the Supreme Court's decision in *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 447 (2003), it is clear that an arbitrator must make the initial decision whether to permit class arbitration when the subject agreement is silent on this point.[5] This opinion is in accord with the Court's earlier jurisprudence on the distinction between arbitration-related issues, which are properly decided by an arbitrator, and threshold issues that must be heard by a court prior to arbitration. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83-85 (2002) (noting that the threshold question of arbitrability, such as whether the parties arbitration clause covers the subject dispute or whether a particular party is bound to arbitrate, are questions for the court, while other "gateway" procedural questions, including whether grievance procedures were met or if a party waived the right to arbitrate,

---

[5]Despite the fact that *Bazzle* was a plurality decision, this represents an accurate holding of the Court because Justice Stevens' concurrence states that "[a]rguably, the interpretation of the parties' agreement should have been made in the first instance by the arbitrator, rather than the court." 539 U.S. at 455 (Stevens, J., concurring in the judgment and dissenting in part).

must be left to the arbitrator).[6]

Plaintiff does not argue that the arbitration panel lacked the power to decide the class arbitration issue. Rather, its brief focuses on numerous reasons why Plaintiff does not believe that the arbitration panel properly decided the clause construction award, arguing that these factors do not support a finding that the parties agreed to class arbitration here.[7] Noticeably absent from Plaintiff's briefs, however, is any discussion of the highly deferential standard of review that this Court employs when considering a motion to vacate an arbitration award. Moreover, the only law that Plaintiff cites is inapplicable to the instant dispute.

Plaintiff is correct that "[t]he court in *Bazzle* did not decide the issue that came before the arbitration panel. *Bazzle* held only that it was for the panel to decide in the first place." (Pl.'s Mot. to Vacate at 9.) Yet, Plaintiff's citations to that case for the proposition that the arbitration panel's award in the instant dispute was incorrect come from Chief Justice Rehnquist's *dissenting opinion*, and, thus, do not represent the Court's holding. Therefore, the cited portions of *Bazzle* do not assist Plaintiff here.

Next, Plaintiff cites cases from six different federal circuits to support the argument

---

[6]Plaintiff's reply brief in support of its motion to vacate misunderstands this distinction in arguing that the instant dispute is one involving arbitrability. Here, Plaintiff is not challenging the root question of whether they agreed to arbitrate at all, which *would* involve an issue of arbitrability for the Court. Rather, Plaintiff seeks review of an arbitrator's decision regarding the *form* such arbitration will take, which is not a threshold arbitrability question.

[7]Plaintiff also asserts that "[t]he contracts at issue in this case pre-date *Bazzle*, executed in a time before class arbitration was even thought possible." (Pl.'s Mot. to Vacate at 10.) Such a view does not comport with cases going back at least to 1984 that discuss class arbitration. *Southland Corp. v. Keating*, 465 U.S. 1 (1984).

11

that unwilling parties cannot be compelled to engage in class arbitration. *See, e.g., Champ v. Siegel Trading Co., Inc.*, 55 F.3d 269, 274 (7th Cir. 1995); *Am. Centennial Ins. Co. v. Nat'l Cas. Co.*, 951 F.2d 107 (6th Cir. 1991). Upon reviewing each of these cases, however, the Court is convinced that their underlying facts are distinguishable from the instant dispute. In Plaintiff's cited cases, the plaintiffs were seeking to have a district court compel class arbitration before an arbitrator had even considered the parties' disputes. Here, on the other hand, this Court is being asked to review an arbitrator's decision over an issue that the arbitration panel has already decided–quite a different procedural posture from those present in *Champ*, *American Centennial* and the others that Plaintiff cites on this point.

At oral argument, Plaintiff placed significant reliance upon *Lockman v. J.K. Harris & Company, LLC*, No. 3:06-CV-258-H, 2007 WL 734951 at *1 (W.D. Ky. March 6, 2007) in arguing that this Court should vacate the instant clause construction award. *Lockman* is distinguishable for at least two reasons, however. First, the plaintiff in that case argued that the arbitrator's conclusion, that the subject arbitration clause did not permit class arbitrations, was unconscionable. As Judge Heyburn noted in *Lockman*, the unconscionability of a contractual provision is an issue of law that is properly addressed by a court rather than an arbitrator, just like a threshold arbitrability issue. *Id.* at *3. Here, on the other hand, Plaintiff is challenging a decision that was appropriately within the arbitration panel's jurisdiction, which is a different question with a much more limited standard of review. Secondly, the arbitration rules that the *Lockman* parties agreed to did not permit class arbitrations, whereas the AAA's supplemental rules at issue here specifically permit such consolidated arbitration actions.

In addition, Plaintiff asserted that *Lockman* is a case whose reasoning should apply broadly to disputes over any type of arbitration award. Although the Court does not read *Lockman* to be this expansive, to the extent that it is, this Court respectfully declines to adopt Judge Heyburn's reasoning here.

Returning to Plaintiff's brief in support of its motion to vacate, a comparative review of that document and the arbitration panel's opinion (Pl.'s Mot. to Vacate, Ex. 5) confirms that Plaintiff is merely re-raising arguments that the arbitration panel considered and rejected, including the view that the applicable agreements do not provide for class arbitration of these disputes. As noted above, however, the applicable standard of review precludes this Court from reconsidering Plaintiff's arguments here. Whether this Court agrees with the arbitration panel's interpretation of the parties' agreements or not is irrelevant. The only factor that matters at this stage of the proceedings is whether Plaintiff has met the relevant standards necessary for this Court to overturn the arbitration award under 9 U.S.C. § 10(a)(4), and the Court finds that Plaintiff has not satisfied its high burden in this regard.

Lastly, Plaintiff makes two additional arguments for vacating the clause construction award: (1) the parties' agreements do not expressly mention class arbitration, and (2) Defendants admitted in their brief before the arbitration panel that "[t]he contracts do not contemplate class action proceedings." (Defs.' Resp., Ex. C at 6.) The fact that the arbitration clauses do not include a specific reference to the possibility of the parties' disputes being addressed via class arbitration is not dispositive, however, because it is within an arbitrator's powers to interpret silent portions of a contract. *Int'l Ass'n of Machinists and Aerospace Workers v. Tennessee Valley Authority*, 155 F.3d 767, 771 (6th

Cir. 1998). Furthermore, Plaintiff's repeated reference to the quotation from Defendants' clause construction brief regarding class arbitration is taken out of context. When read in full,[8] it is clear that Defendants' statement is in reference to the overall fact that the parties' contracts were unclear about the availability of class arbitration–not the apparent implication from the particular sentence that Plaintiff quotes, which when read in isolation, would indicate that the contracts might have ruled out class arbitration altogether.

For these reasons, Plaintiff has not shown that the arbitration panel exceeded its powers under 9 U.S.C. § 10(a)(4), and Plaintiff's motion to vacate is DENIED on this ground.

### 2. Manifest disregard of applicable law

Plaintiff also seeks to overturn the arbitration panel's clause construction award on the ground that the decision manifestly disregarded applicable law. Once again, Plaintiff fails to outline the requisite standard of review for this alternative argument in support of its motion to vacate.

The Sixth Circuit has described this judicially-created avenue for vacating an arbitration award as follows:

> This court has emphasized that manifest disregard of the law is a very narrow standard of review. A mere error in interpretation or application of the law is insufficient. Rather, the decision must fly in the face of clearly

---

[8]"When a contract is silent on an issue, the question is not one of interpreting the language, but rather of determining the effect of the contract. Silence in a contract can be construed as creating a latent ambiguity. Nowhere in [Plaintiff's] copyrighted contracts do the words 'class action' appear. *The contracts do not contemplate class action proceedings.* The agreement is clearly silent to the issue, creating a latent ambiguity. When such an ambiguity exists, the courts should apply the relevant rules of contract interpretation." (Defs.' Resp., Ex. C at 6-7 (emphasis added, internal citations omitted).)

established legal precedent. When faced with questions of law, an arbitration panel does not act in manifest disregard of the law unless (1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle.

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 421 (6th Cir. 1995). As noted above, Plaintiff's sole legal bases in support of its motion to vacate are either inapplicable to, or distinguishable from, the instant dispute, so there is nothing in Plaintiff's brief to support a finding that the arbitration panel disregarded applicable law in coming to its decision. Therefore, Plaintiff's motion to vacate is DENIED on this alternative ground as well.

**IV. CONCLUSION**

Being fully advised in the premises, having read the pleadings, and for the reasons set forth above, the Court hereby orders as follows: (1) Defendants' motion to dismiss is DENIED, (2) Plaintiff's motion for default judgment is DENIED, (3) Plaintiff's motion to vacate the clause construction award is DENIED, and (4) this case is DISMISSED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 29, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 29, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager