UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEALER COMPUTER SERVICES, INC.,

    Plaintiff,

v.

DUB HERRING FORD LINCOLN
MERCURY, INC., ET AL.,

    Defendants.
    _____/

Case No. 07-10263

Honorable Nancy G. Edmunds

**ORDER (1) CANCELLING HEARING SCHEDULED FOR JUNE 10, 2009; (2) GRANTING DEFENDANTS' MOTION TO DISMISS [40]; AND (3) DENYING PLAINTIFF'S MOTION TO CONFIRM CLASS DETERMINATION AWARD [39]**

    This matter comes before the Court on two motions. The first is Plaintiff Dealer Computer Services, Inc. ("DCS")'s motion to confirm an American Arbitration Association ("AAA") panel's December 2, 2008 "Partial Final Class Determination Award" denying Defendants' motion for class certification in the parties' underlying arbitration. (Pl.'s Mot., Ex. A, Partial Award at 6, 35-36.) The second is Defendants' motion to dismiss this action for lack of subject matter jurisdiction.

    The Court finds that the facts and legal arguments are adequately presented in the parties' pleadings and that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), it is hereby ORDERED that the parties' motions [39, 40] be resolved as submitted, and the hearing previously scheduled for June 10, 2009 is CANCELLED. For the reasons set forth below, Plaintiff's motion is DENIED, and Defendants' motion is GRANTED.

**I.     Facts**

The Court is familiar with the underlying facts, having addressed Plaintiff's earlier motion seeking to vacate the AAA arbitration panel's November 27, 2006 clause construction award ruling that the parties' arbitration clauses did not preclude class arbitration.  (5/29/07 Order, Doc. No. 23.)  This Court denied Plaintiff's motion to vacate (*id.*), and Plaintiff's appealed that decision to the Sixth Circuit Court of Appeals.  In a published decision, the Sixth Circuit vacated this Court's November 27, 2006 order, concluding that it "lacked jurisdiction to consider [Plaintiff]'s motion to vacate the arbitration award because the matter was not ripe for judicial review."  *Dealer Computer Servs., Inc. v. Dub Herring Ford,* 547 F.3d 558, 559 (6th Cir. 2008).  The matter was remanded to this Court with instructions from the Sixth Circuit to dismiss for lack of jurisdiction.  This Court did as instructed.  (1/09/09 Order, Doc. No. 34.)

On December 2, 2008, the arbitration panel in the parties' underlying arbitration issued a "Partial Final Class Determination Award" denying Defendants' motion for class certification.  The AAA arbitration panel found that Defendants had not "sustained their burden of demonstrating (i) they are adequate representatives of the proposed class, (ii) that common issues of law or fact predominate over issues affecting individual class members, and (iii) that a class action is superior to other available methods for adjudicating the class members' claims."  (Pl.'s Mot., Ex. A, Partial Award at 36.)  The panel also clarified that "[t]his Award does not adjudicate the merits of any of the individually-named Claimants' claims or the claims of any of the other proposed class members."  (*Id.*)

On February 4, 2009, this Court granted Plaintiff's motion to reopen this case.  (2/4/09 Order, Doc. No. 38.)  Plaintiff then filed its motion to confirm the arbitration panel's "Partial

Final Class Determination Award" [39], and Defendants filed their motion to dismiss for lack of subject matter jurisdiction [40].

## II.   Analysis

Defendants bring their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and challenge this Court's subject matter jurisdiction over this matter. When a Rule 12(b)(1) motion is filed, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (internal quotation marks and citation omitted). In reviewing a Rule 12(b)(1) motion, "the court may consider evidence outside the pleadings . . . ." *Id.*

This Court first addresses Defendants' argument (Mot. at 17) that the court lacks jurisdiction to consider Plaintiff's motion to confirm the arbitration panel's "Partial Class Determination Award" because that partial arbitration award is not ripe for review. As the Sixth Circuit observed in *Dealer Computer Services*, 547 F.3d at 560, this presents "a threshold question of jurisdiction." *See also Norton v. Ashcroft*, 298 F.3d 547, 554 (6th Cir. 2002) (observing that "[a] court lacks jurisdiction over the subject matter if the claim is not yet ripe for judicial review.").

Ripeness "focuses on the timing of the action." *Dealer Computer Services*, 547 F.3d at 560 (internal quotation marks and citation omitted). "[T]he doctrine serves as a bar to judicial review whenever a court determines a claim is filed prematurely." *Id.* at 561. When determining whether a dispute is ripe for judicial review, the court considers the following factors: "(1) the likelihood that the harm alleged by the party will ever come to pass; (2) the hardship to the parties if judicial relief is denied at this stage in the proceedings; and (3)

whether the factual record is sufficiently developed to produce a fair adjudication of the merits." *Id.*

Here, the factual record is sufficiently developed because Plaintiff's motion to confirm merely requires this Court to apply the Sixth Circuit's decision in *Dealer Computer Services*, 547 F.3d 558, and determine whether the dispute to confirm the arbitration panel's "Partial Final Class Determination Award" is ripe for judicial review. Applying the Sixth Circuit's analysis in *Dealer Computer Services*, this Court concludes that this matter is not ripe for judicial review.

First, despite Plaintiff's arguments to the contrary, the Sixth Circuit did not hold in *Dealer Computer Services* that this Court would have jurisdiction to hear Plaintiff's subsequent motion seeking to confirm a partial arbitration award denying class arbitration. Rather, in the context of considering whether Plaintiff would suffer any hardship if judicial review was withheld, the Sixth Circuit observed that Plaintiff may be able to establish the hardship element of the ripeness doctrine *if* the arbitration panel subsequently certified Defendants' claims for class arbitration. Specifically, it observed that "*if* the arbitrators in this case ultimately *decide to certify [Defendants]' class*, which is no certainty, [AAA Supplementary] Rule 5(d) would . . . provide [Plaintiff] ample opportunity to obtain judicial review of any arguments it may have *against class arbitration*, including those challenging the soundness of the arbitration panel's prior Clause Construction Award." *Dealer Computer Servs.*, 547 F.3d at 562 (emphasis added).

Second, Plaintiff cannot establish that it will suffer harm or a hardship if judicial review is denied at this stage of the proceedings. As evidenced from the arbitration panel's "Partial Final Class Determination Award," Defendants failed to secure class certification

for their claims against Plaintiff.  Thus, "the individual Defendants comprising Dealers' putative class will be forced to separately arbitrate their claims against [Plaintiff]." *Id.* at 562 (internal quotation marks and citation omitted).  Because Defendants here have "fail[ed] to secure class certification for their claims, . . . the potential harm to [Plaintiff] involved in defending against a class arbitration" will never occur. *Id.* at 564.  Plaintiff has not shown that it will face any hardship if judicial review is withheld at this stage of the proceedings, and thus its motion to confirm is "the sort of premature adjudication the ripeness doctrine seeks to avoid." *Id.* at 563.  As instructed by the Sixth Circuit, the courts "should remain reluctant to invite a judicial proceeding every time the arbitrator sneezes." *Id.* (internal quotation marks and citation omitted).

Application of all three factors of the ripeness doctrine compels this Court to conclude that this matter is not yet ripe for judicial review.  Plaintiff's reliance on AAA's Supplementary Rules for Class Arbitration, Rule 5(d), that contemplates judicial review at this stage of the proceedings, is misplaced.  As the Sixth Circuit clarified in *Dealer Computer Services*, Article III's ripeness requirements and the hardships a plaintiff may suffer if forced to defend against a class arbitration govern access to judicial review in the federal court; not a rule established by "a private dispute resolution organization."

> While the AAA is free to permit parties to seek judicial review for the purposes of its own proceedings, Article III ripeness requirements will not necessarily be satisfied whenever the AAA allows such review.  The significance of the access to judicial review contemplated by the AAA rules to the issue of ripeness derives from the hardship [Plaintiff] may suffer if the procedural circumstances compel it to defend against a class arbitration.  The AAA, however, does not have the authority to waive away Article III-based ripeness deficiencies.  Federal courts should not grant judicial review of arbitration awards simply because the organization conducting arbitration would like them to do so.

5

547 F.3d at 563 (internal citations omitted).  The Sixth Circuit also rejected the same decisions that Plaintiff relies on here to argue the contrary.  *Id.* at 563-64 (discussing *Sutter v. Oxford Health Plans L.L.C.*, 227 Fed. App'x 135, 136-37 (3d Cir. 2007); *Long John Silver's Rest., Inc. v. Cole*, 409 F. Supp.2d 682 (D. S.C. 2006); *Genus Credit Mgmt. Corp. v. Jones*, No. JFM-05-3028, 2006 WL 905936 (D. Md. Apr. 6, 2006)).

### III.  Conclusion

Applying Article III's ripeness requirements, this Court concludes that this matter is not yet ripe for judicial review.[1]  Accordingly, Defendants' motion to dismiss is GRANTED, and Plaintiff's motion to confirm the AAA panel's December 2, 2008 "Partial Final Class Determination Award" is DENIED.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated:  May 29, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 29, 2009, by electronic and/or ordinary mail.

s/Carol A. Hemeyer  
Case Manager

---

[1] Because the Court has determined that it lacks subject matter jurisdiction on ripeness grounds, it is not necessary for it to decide Defendants' additional arguments why subject matter jurisdiction is lacking.